and damages by the elements excepted, did not restrict the covenant to make necessary repairs.

We think, in the light of the cases cited, that, giving a fair interpretation to the covenant in question, the tenant was required to put the "machinery and boilers in good working order" and to keep them so during the term. The appellant, Skelly, must therefore be deemed to have consented, within the meaning of the statute, to such repairs as were reasonable and necessary to put and keep the machinery and boilers in good working order. There is no proof that the boilers and machinery were out of repair, nor is there anything in the record tending to show the nature of the repairs made. However, the appellant does not raise this point, but, on the contrary, insists that the repairs made were such ordinary repairs as the tenant was obliged to make at common law. Such being his contention, we are bound to assume that the repairs made were such as the landlord required the tenant to make by the provision in the lease quoted supra, and for the reasons hereinbefore stated he must be deemed to have consented thereto.

The judgment should be affirmed, with costs. All concur.

———

HAMPSON et al. v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. November 28, 1906.)

Appeal from Trial Term, Kings County.

Action by Edward P. Hampson and another, copartners, against James A. Smith and others. From a judgment for plaintiffs, defendant Patrick Skelly appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER. JJ.

PER CURIAM. Judgment affirmed, with costs, on the authority of Tinsley v. Smith (decided herewith) 101 N. Y. Supp. 382.

———

RIPLEY v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. November 28, 1906.)

Appeal from Trial Term, Kings County.

Action by David Ripley against James A. Smith and others. From a judgment for plaintiff, defendant Patrick Skelly appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

PER CURIAM. Judgment affirmed, with costs, on the authority of Tinsley v. Smith (decided herewith) 101 N. Y. Supp. 382.